**NO. 22-13376**

---

**IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT**

---

Bay Inn & Suites of Loxley, LLC, *et al.,*

*Appellants*

v.

William J. Spears, Jr.,

*Appellee*

On Appeal from the United States District Court
for the Southern District of Alabama

No. 19-cv-00269-C

---

**APPELLEE'S CORRECTED BRIEF**

---

DAVIS, DAVIS & ASSOCIATES, PC
Ian D. Rosenthal – ROSEI6905
Attorney for Appellee
P.O. Box 2925
Daphne, AL 36526
(251) 621-1515 (office)
(251) 621-1520 (fax)
Email: ian@ddalawfirm.com

No. [19-cv-00269-C]
Bay Inn & Suites v. William J. Spears, Jr.

FUQUAY LAW FIRM
Richard W. Fuquay – FUQUAYR6214
Attorney for Appellee
1206 Dauphin Street
Mobile, AL 36604
(251) 473-4443 (office)
Email: rwf@fuquaylawfirm.com

*Attorneys for Appellee William J. Spears, Jr.*

## Certificate of Interested Persons and
## Corporate Disclosure Statement

In Compliance with FRAP 26.1 and 11th Cir. R. 28-1(b), the following is a list, in alphabetical order, of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomerates, affiliates, parent corporations, and publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

Bay Inn & Suites of Foley, LLC

Bay Inn & Suites of Loxley, LLC

Cassady, Hon. William E. (U.S. Magistrate Judge)

Fuquay, Esq. Richard W. (appellee counsel)

Hunter, Esq., Scott W. (appellant counsel)

Jackson, Esq., Michael L. (appellant trial counsel)

McClurkin, Esq., Anne Laurie (appellant trial counsel)

Patel, Lata (member of appellant LLCs)

Patel, Rick (appellant)

Patel, Jr., Rick (appellant)

Patel, Sunnie (member of appellant LLCs)

Reese, Kelley D., Esq. (trial counsel for appellants)

Rosenthal, Esq., Ian D. (counsel for appellee)

No. [19-cv-00269-C]
Bay Inn & Suites v. William J. Spears, Jr.

## Statement Regarding Oral Argument

The Appellee does not request oral argument in this case.

No. [19-cv-00269-C]
Bay Inn & Suites v. William J. Spears, Jr.

# Table of Contents

**Page**

Certificate of Interested Persons and Corporate Disclosure Statement ..................... 1

Statement Regarding Oral Argument ........................................................................ 2

Table of Contents ................................................................................................... 3

Table of Citations .................................................................................................. 4

Statement of the Case ............................................................................................ 6

Summary of the Argument ...................................................................................... 7

Argument ............................................................................................................... 8

    I.      Individual liability of Sunny Patel (Mr. Patel, Jr.) as an employer under 29 U.S.C. Section 203(d (d) ........................................ 8

    II.    The Patels Were Not Entitled to A Credit for The Value of Lodging ................................................................................... 14

Conclusion .......................................................................................................... 19

Certificate of Compliance ................................................................................... 21

Certificate of Service .......................................................................................... 21

No. [19-cv-00269-C]
Bay Inn & Suites v. William J. Spears, Jr.

## Table of Citations

**Cases**                                                                                                          **Page**

*Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,*515 F.3d 1150-1160 (11th Cir.)2008 ...............................................................................................9

*Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668,678 (1st Cir.1998 ...............9

*Caro-Galvan v. Curtis Richard on, Inc.*, 993 F.2d 1500, 1514 11th Cir. 1993)16, 19

*Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468 473-74 , 475(11th Cir. 198215, 16, 19

*Falk v. Brennan*, 414 U.S. 190,195 (1973) ..........................................................8

*Hodgson v. Griffin and Brand of McAllen, Inc.*, 471 F.2d 235, 237 (5th Cir.1973 ............................................................................................................9

*Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299. 1309-1310, 1313 (11th Cir. 2013 ................................................................................ 8, 9,14

*Nail v. Shipp,* 2019 WL 3719397. at *8-9 (S.D. Ala. Aug. 6, 2019)............... 16, 19

*New Floridian Hotel, Inc.* at 474 (11th Cir. 1982). .................................................15

Patel v. Wargo, 803 F.2d 632, 637-38 (11th Circuit 1986).....................................9

*Rutherford Food Corp. v. McComb*, 331 U.S. 722 729, 67 (1947).....................8

**Statutes**

29 C.F.R. § 516.27(a)(1). .......................................................................17

29 CFR § 516.27(a).................................................................................19

29 U.S.C § 203(d)...................................................................................8

No. [19-cv-00269-C]
Bay Inn & Suites v. William J. Spears, Jr.

29 U.S.C. § 216(b)...................................................................................8

29 U.S.C. § 203(d) ..................................................................................3

29 U.S.C.A. § 216(b) .............................................................................14

29 CFR § 5l6.27(a)................................................................................16

29 CFR § 516.6(c)(2)..............................................................................17

No. [19-cv-00269-C]
Bay Inn & Suites v. William J. Spears, Jr.

## Statement of the Facts

William Spears was employed as a front desk clerk with various hotel entities owned and operated by Rick Patel, Sr ("Patel") and Rick Patel, Jr. ("Sunny") for approximately eight years. He started working for Bay Inn & Suites Bay Minette from 2011 until 2014.  Spears worked for Bay Inn & Suites Foley from May of 2014 until November of 2016.  Spears then went to work for Bay Inn & Suites Loxley until March 2019.  During his employment, Spears worked from 5:00 p.m. to 3:00 a.m. Monday through Friday and then noon to midnight Saturday and Sunday.  (While the total of hours worked on this schedule would be 74 hours, the parties stipulated that Spears worked at least 62 hours per week and the damages in the case were based on that stipulation).  (Doc. 105, Page ID. 992).  Spears' primary duty as a front desk clerk was to check guests in and take reservations over the telephone or by computer.  He also, occasionally, helped the staff with housekeeping and maintenance of the hotel.  (Doc. 105, Page ID. 992-996).

Sunny was Spears' immediate supervisor during his employment. (Doc. 105, Page ID. 996).  Sunny scheduled Spears' shifts gave him job assignments and signed some of his paychecks.  (Doc. 105, Page ID. 997-998).   Sunny would also assign Spears to assist him with occasional maintenance tasks or errands. (Doc. 105, PageID.

995-996).    Sunny was authorized to sign checks on behalf of the Loxley and Foley Hotel entities. (Doc. 105, PageID. 1036 to 1040).

Spears was paid $700 per month while employed at the Foley hotel and $750 per month at the Loxley hotel.    (Doc. 105, PageID. 1003, 1037-138, 1043). Additionally, Spears was provided lodging at the hotels where he was employed throughout his tenure.  (Doc. 105, PageID. 1003).

## Summary of the Argument

Sunny Patel was Mr. Spears immediate supervisor, and he scheduled his shifts, made his work assignments, frequently signed his pay checks and otherwise exercised supervision over Mr. Spears so as to be his "employer" as defined by the FLSA.

Appellants failed to put on evidence that it satisfied the Department of Labor's requirements to get approval of the value of lodging provided to Mr. Spears and obtained that approval.  Accordingly, they are not entitled to a credit of the lodging against the wages owed to Mr. Spears.

No. [19-cv-00269-C]
Bay Inn & Suites v. William J. Spears, Jr.

## Argument

### I.    Sunny Patel (Mr. Patel, Jr.) is an "employer" under 29 U.S.C. Section 203(d) and subject to individual liability

The first issue raised on appeal by the Patels is Sunny's individual liability for the damage assessed by the Court.  Sunny disputes that he as an employer under 29 U.S.C § 203(d). Fellow defendant and his father Rick Patel Sr. did not dispute that he was an employer. Because the FLSA is a remedial statute, the term "employer" is defined more broadly than under traditional common law principles of agency. *Rutherford Food Corp. v. McComb*, 331 U.S. 722 729, 67 (1947).  There are also situations where an employee has several simultaneous employers, each responsible for compliance with the FLSA. *Falk v. Brennan*, 414 U.S. 190,195 (1973).

The FLSA defines an "employer" broadly to include an individual "acting directly or indirectly in the interests of an employer in relation to an employee. 29 U.S.C. § 216(b); *Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299, 1309 (11th Cir. 2013). "Whether an individual fits that definition 'does not depend on technical or isolated factors but rather on the circumstances of the whole activity.'" Lamonica at 1310 (quoting *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.*, 515 F.3d 115-1160 (11th Cir.2008) (quoting *Hodgson v.*

Bay Inn & Suites v. William J. Spears, Jr.

*Griffin and Brand of McAllen, Inc*., 471 F.2d 235, 237 (5th Cir.1973).  A

plaintiff may meet this burden by specifically establishing any the following:

(a) The individual is "a corporate officer with operational control of a corporation's covered enterprise" *Lamonica v. Safe Hurricane Shutters, Inc.,* 711 F.3d at 1309; *Patel v. Wargo*, 803 F.2d 632, 637-38 (11th Circuit 1986)

(b) The individual is a non-officer who [controls] a corporation's financial affairs and can cause the corporation to compensate (or not to compensate) employees in accordance with the FLSA.' This inquiry includes both a supervisor's ownership interest and control over the corporation's day-to-day functions. *Lamonica,* 711 F.3d at 1313 (citing *Baystate Alt. Staffing, Inc. v. Herman*, 163 F.3d 668,678 (1st Cir.1998).

(c) The individual has some direct responsibility for the supervision of the employee. *Lamonica*, at 1313; *Alvarez Perez v. Sanford-Orlando Kennel Club, Inc.,* 515 F.3d 1150, 1160 (11th Cir. 2008) (quoting *Patel*, 803 F.2d at 637-38).

Spears bears the burden on this issue and met that burden at trial.  The

evidence at trial established that Sunny was Spears immediate and primary

supervisor on a day-to-day basis. (Doc. 105, PageID. 996-999  1012-1013).

Sunny Patel lived at the hotel where Spears worked. (Doc. 105 PageID.

998,1036).  Sunny Patel gave him job assignments, scheduled his work shifts and

was personally involved in any "extracurricular" work assignments (moving

repair equipment painting, ceiling repairs etc.). (Doc. 105  PageID. 996-997

1007-1008, 1012-1013).  Sunny Patel and Spears interacted frequently about room

rental rate changes and Sunny gave Spears specific instructions on raising and

Bay Inn & Suites v. William J. Spears, Jr.

lowering room rates. (Doc. 105, PageID. 1006, 1013). Sunny had a yellow notepad where he left written work assignments and he also gave assignments to Spears verbally. If there was a problem with a room or with a guest, Spears would notify Sunny Patel if he was available. (Doc. 105, PageID. 997). Sunny often signed Spears' paychecks. (Doc. 105 PageID. 998; Def, Ex 21 Doc. 104-1 PageID. 686-704).

Sunny testified that he paid Spears on instructions from Mr. Rick Patel Sr. (Doc. 105 PageID. 1036). He had authority to sign checks on behalf of both hotels. (Doc. 105 PageID. 1039-1040). He also testified that he did not know anything about what the FLSA required "because that's not the part I handle. I **handle more day-to-day operations"** which included training front desk clerks. (Doc. 105 PageID. 1071-1072).

In their Answer (Doc. 9) the Appellants stated that they admitted that "Rick Patel and / or Rick Patel, Jr. had an ownership interest in one or more of the business entities described in the Complaint." But at trial Sunny disclaimed any ownership interest. (Doc. 105 PageID. 1100).

In a document captioned "Answer to the Order of United States Magistrate Judge" (Doc. 53) signed by both Rick Patel. Sr. and Sunny Patel they stated that Rick Patel 'was never a manager of "the LLC" and was "never

No. [19-cv-00269-C]
Bay Inn & Suites v. William J. Spears, Jr.

involved in the day-to-day operations: and that his "relationship to the LLC was that he was only involved in ownership and was a corporate controller as a financial partner." The next paragraph refers separately to 'Rick Patel Jr." (i.e., Sunny) and makes clear that the paragraph denying that "Rick Patel had any role in day-to-day operations was only about Rick Patel Sr. (Doc. 53 PageID. 217-218). When Sunny was asked if that was a true statement about Loxley LLC at trial, he said "it is and isn't. He did some day to day when I was - you know of course if I'm in Foley or something else. But ... " "mainly its me." (Doc. 105 PageID. 1104).

Ultimately, he admitted that if Patel was not involved in day-to-day operations it was because Sunny was. (Doc. 105, PageID. 1 106-l l07). Patel unambiguously testified that the statement he made in Doc. 53 was false and claimed that he had been involved in the day-to-day operations of the Foley and Loxley hotels. (Doc. 105-1 PageID. 1180). Patel then testified that he had supervisory authority over Spears in Loxley. (Doc. 105, PageID. 1118). Notwithstanding his own explicit denial of any involvement in day-to-day operations (Doc. 53), Patel testified that Sunny was the person he authorized to write checks on the defendants' "general account" "whenever I go out of town, or I won't be able to make it in time." (Doc. 105-1 PageID. 1191· Doc. 105, PageID.

1119). Later Patel claimed that his "supervision" was done remotely, by computer and from Florida. (Doc. 105-1, PageID. 1179-1180). Ultimately, he testified that the claim he made to the Court that he was never involved in day-to-day operations was "maybe" "a mistake" and that:

> Q.    Okay. So, what you meant by "never involved in day-to-day operations" was "always involved in day-to-day operations"?
>
> A.    Yes.

(Doc. 105-1 PageID. 1183).   He then admitted that the next sentence in Doc. 53 where the defendants proclaimed that Mr. Patel, Sr. was "only involved in ownership and was a corporate controller as a financial partner" was also inaccurate. [1] (Doc. 105-1 PageID. 1183).

---

[1] Mr. Patel Sr. (aka Rasik Patel) identified himself as President of Bay Inn & Suites of Loxley, Inc. in bankruptcy court filings. (Ex. 2 original page ID Doc. 61-3, PageID. 309) Mr. Patel, Sr. testified that the only business operation of the Loxley entity was to run the hotel in Loxley and that the main asset of the Loxley business was the real estate in Loxley. (Doc. 105-1 PageID. 1186) Nonetheless, he previously represented under penalty of perjury in a bankruptcy filing that the principal place of business of Bay Inn & Suites Inc. was his wife's residence in New Port Richey, Florida. (Pl. Ex. 2 original PageID Doc. 61-3 PageID. 308-309) He also represented to the bankruptcy court that Bay Inn & Suites of Loxley, Inc. had its domicile principal place of business or principal assets in the Middle District of Florida for 180 days immediately before the bankruptcy filing. (Pl. Ex. 3 original PageID Doc. 61-4, PageID.344) On the other hand, at Doc. 66 PageID. 393 both Mr. Patel Sr. and Mr. Patel Jr. said: "Not agreed with Plaintiffs statement that management is from personal residence in Florida. It's an incorrect statement."  Despite the games the Defendants have played in this court about their various identities the bankruptcy filing does not identify any "other names Debtor used in the last 8 years" such as "assumed names trade names and doing business as names." (Pl. Ex. 2, original PageID.Doc. 61- 3, PageID. 305) Mr. Patel, Sr. claims he read the entire bankruptcy filing which he signed under potential penalty of perjury. (Doc. 105-1 PageID. 1189) Compare also Doc. 101. The Second Plan of Reorganization of Bay Inn & Suites of Loxley Inc. states that the debtor was incorporated in 2008 and owns and operates a 60-room hotel in Loxley Alabama which "Debtor's principal" "manages from his personal. residence" in New Port Richey Florida. (PL Ex. 4 Original PageID Doc. 61-5 PageID346).

No. [19-cv-00269-C]
Bay Inn & Suites v. William J. Spears, Jr.

Patel's testimony was similarly self-contradictory regarding the statements made in that "Answer to the Order of the Magistrate Judge" about management of the business entities. Mr. Patel Sr. had responded to the Court's interrogatories as President of Bay Inn & Suites Foley, LLC, and Bay Inn & Suites Loxley LLC. (Pl. Ex. 5 Doc 104 PageID. 643-646). However, in Doc. 53, just before denying that he was ever involved in day-to-day operations of the organizations, he represented to the Court that he "was never a manager of the LLC.' (Doc. 53 PageID. 217). At trial, Mr. Patel, Sr. testified that statement was false or in his words:

> "That looks like a typical error." (Doc. 105-1 PageID.1182). Maybe he meant "typographical " but it might be fair to say that Mr. Patel Sr. accidentally told the truth in describing his own erroneous statements as "typical."

Similarly, while Patel signed the same Doc 53 stating that Mr. Patel Sr. was <u>never</u> involved in day-to-day operations, Sunny Patel testified that it was his father with supervisory authority over Mr. Spears when he worked in Loxley. (Doc. 105 PageID. 1109). Sunny also answered the Court's questions at trial by testifying that his authority to write checks came from Patel. (Doc. 105 PageID. 1110).

When all of this evidence is taken together, it is more than sufficient for the Court to conclude that Sunny was an "employer" under the law. Sunny was clearly "acting directly or indirectly in the interests of an employer in relation to an

13

employee" under *29 U.S.C.A. § 216(b)* and *Lamonica v. Safe Hurricane Shutters, Inc*., 711 F.3d 1299. 1309 (11th Cir. 2013). This is especially considering the credibility problems associated with Appellants' testimony. The credible evidence at trial established that Sunny was Spear's day-to-day supervisor and the onsite manager of the hotels.

## II.    The Patels Were Not Entitled to A Credit for The Value of Lodging

The second issue raised in this appeal arises from what Appellant's characterize as the inconsistent treatment of the value of lodging that Spears received by refusing to allow a credit for the value of that lodging while allowing Spears to use it in establishing his rate of pay for overtime calculations. (Appellant's Brief Doc, 31, Pgs 33 of 36). Appellants have not appealed the inclusion of the stipulated value of the lodging in Spear's pay rate calculations. The only issue raised in this appeal concerning the lodging is their argument that the Patel's are entitled to a credit of value of lodging against the amount of unpaid overtime. For the reasons discussed below this argument is, however, without merit.

First, this entire argument is based upon the mischaracterization of a stipulation the parties entered into in the Supplemental Pretrial Order (Proposed) submitted to the court by the parties. (Doc. 99). The Patels argue that they met their burden of proof to get a credit for the lodging by virtue of a stipulation concerning the lodging credit. (Appellant's brief Pg. 23). Tellingly, in their brief, the Patels failed to cite the

document containing this stipulation and with good reason.  By its express terms, that stipulation only applies to the use of the $630.00 a month value of lodging in calculating Spear's pay rate.  The stipulation clearly left the issue of Patel's entitlement to get credit for the value of the lodging as an open, triable issue.  (Doc. 99 Page ID: 561 through 563).  Everywhere in that document that the agreement concerning the lodging value is mentioned the parties acknowledge that the issue of Patel's claim to a credit is a triable issue with disputed facts. (Doc. 99 Page ID: 556, 559, 562 through 563).

Appellants are attempting to satisfy their burden of proof on the credit issue by using this stipulation because they wholly failed to meet that burden under the law at trial.  The employer bears the burden of proof to establish a credit for lodging against amounts due as either minimum wage payments or overtime pay payments. See *Donovan v. New Floridian Hotel, Inc.,* 676 F.2d 468 473-74 (11th Cir. 1982). Specifically, the employer must show that it has satisfied the conditions imposed by the FLSA and its accompanying regulations. *New Floridian Hotel, Inc.* at 474 (11th Cir. 1982). "While the reasonableness burden is on the employer, such is met by complying with the FLSA's recordkeeping provisions or seeking the Administrator's determination. *Nail v. Shipp,* 2019 WL 3719397. at *8-9 (S.D. Ala. Aug. 6, 2019) (citing *Donovan* at 475).

Bay Inn & Suites v. William J. Spears, Jr.

"An employer's unsubstantiated estimate of his cost, where the employer has
failed to comply with the recordkeeping provisions of the FLSA and where there has
been no determination of reasonable cost by the Wage and Hour Division does not
satisfy the employer's burden of proving reasonable cost. *Donovan*, 676 F.2d at 475;
Caro-Galvan v. Curtis Richard on, Inc., 993 F.2d 1500, 1514 11th Cir. 1993)

The related regulations include 29 CFR §5l6.27(a) which requires the employer
to maintain and preserve records substantiating the cost of furnishing such lodging.

(a) In addition to keeping other records required by this part an employer …who
furnished such "board, lodging, or other facilities" to employees as an addition
to wages shall maintain and preserve record substantiating the cost of furnishing
each class of facility except as noted in paragraph (c) of this section. Separate
records of the cost of each item furnished to an employee need not be kept. The
requirements may be met by keeping combined records of the costs incurred in
furnishing each class of facility, such as housing fuel, or merchandise furnished
through a company store or commissary. Thus, in the case of an employer who
furnishes housing, separate cost records need not be kept for each house. The
cost of maintenance. utilities, and repairs for all the houses may be shown
together. Original cost and depreciation records may be kept for groups of
houses acquired at the same time. Costs incurred in furnishing similar or closely
related facilities, moreover, may be shown i11 combined records. Where cost
records are kept for a "class" of facility rather than for each individual article
furnished to employees, the records must also show the gross income derived
from each such class of facility, e.g., gross rentals in the case of houses total
sales through the store or commissary total receipts from sales of fuel etc.

(b) Such records shall include itemized accounts showing the nature and amount
of any expenditures entering into the computation of the reasonable cost, as
defined in part 531 of this chapter, and shall contain the data required to compute
the amount of the depreciated investment in any assets allocable to the furnishing
of the facilities, including the date of acquisition or construction the original cost
the rate of depreciation and the total amount of accumulated depreciation on

16

No. [19-cv-00269-C]
Bay Inn & Suites v. William J. Spears, Jr.

such assets. If the assets include merchandise held for sale to employees, the records should contain data from which the average net investment in inventory can be determined.

(c) No particular degree of itemization is prescribed. However, the amount of detail shown in these accounts should be consistent with good accounting practices and should be sufficient to enable the Administrator or authorized representative to verify the nature of the expenditure and the amount by reference to the basic records which must be preserved pursuant to 516.6(c)(2).

On December 17, 2015, the Department of Labor issued Field Assistance

Bulletin No. 2015-1 (attached as Ex. 1 for convenient reference). Included among the

requirements are that the employer "must maintain accurate records of the costs

incurred in furnishing the lodging."

These records "shall include itemized accounts showing the nature and amount of any expenditures entering into the computation of the reasonable cost." 29 C.F.R. § 516.27(a)(1). For example, records could include proof of mortgage or rental payments and 6 utility bills. If an employer does not provide records to support its claim of a section 3(m) lodging credit, the employer has not met this prerequisite for including lodging costs in employees' wages.

(Bulletin, p. 6). The Patels offered none of that as evidence at trial. Nor did

they offer any evidence that they had provided DOL with the records to support

a lodging credit claim in 2016, 2017, 2018, or 2019.

The same Bulletin makes it clear that if DOL really had approved the Patels for

a lodging credit for Spears (or anyone else) in 2016, 2017, 2018 or 2019 that approval

would have followed individualized consideration by a Wage and Hour Investigator.

17

No. [19-cv-00269-C]
Bay Inn & Suites v. William J. Spears, Jr.

> WHIs must consider the nature of the employment relationship and review the specific circumstances of each case to determine whether the lodging provided is primarily for the benefit of the employee.

(Bulletin, p. 5)

> If an employer claims a section 3(m) credit for lodging provided to an employee, the WHI must conduct a detailed analysis that includes interviews and a review of all necessary records to determine if the requirements described above are met and if so, the appropriate amount of the credit.

(Bulletin, p. 12, Conclusion).

And, if a lodging credit been approved, the Patels would still have to keep the required records:

> The Department's regulations require an employer to keep records showing section 3(m) additions to or deductions from wages if those additions or deductions affect the total cash wages owed. See 29 C.F.R. § 516.27(b). Specifically, if because of a section 3(m) credit, an employee receives less in cash wages than the minimum wage for each hour worked in the workweek, the employer "shall maintain records showing on a workweek basis those additions to or deductions from wages." Id. An employer must also maintain such records if an employee is owed overtime in a workweek and the employer has taken a section 3(m) credit. Id.

(Bulletin, p. 7)

At trial the Patel's failed to offer any competent evidence to satisfy the requirements to qualify for a credit. All they put in evidence was partial documentation of what they were required to pay when the DOL investigated them in 2015 with regard to other employees. (Doc. Def. Ex.33 Doc. 104-1 719-722). Nothing the Defendants

put in evidence would substantiate that the Defendants ever initiated, let alone cleared, the DOL process for a lodging credit with regard to Spears, or anyone else for 2016, 2017, 2018 or 2019. The result, as a matter of law, is that the Defendants cannot get credit for the value of lodging when they complied with none of what is required for such a credit. *Donovan v. New Floridian Hotel, Inc*., 676 F. 2d 468, 474 (11th Cir. 1982); *Caro-Galvan v. Curtis Richardson, Inc*., 993 F.2d 1500, 1514 (11th Cir. 1993); *Nail v. Shipp*, 2019 WL 3719397 (S.D. Ala. Aug. 6, 2019); 29 CFR § 516.27(a).

The balance of Appellant's argument is that the Court's rulings on this issue are essentially unfair. While this is legally irrelevant, it is also not factually true. The results about which they complain are the product of the Appellant's entering into a stipulation that the lodging value could be used in calculating Spear's regular rate of pay and the law. As has been mentioned, the FLSA is a remedial statute which should be construed against an employer who violates the FLSA and fails to satisfy the documentation and record keeping provisions of the law and its attendant regulations. Appellants failed to prove their entitlement to the credit at trial and stipulated to its inclusion in Spear's rate of pay so the Court's decisions are not unfair, they are the result of Appellant's own actions.

CONCLUSION

Because Sunny Patel exercised supervision over Mr. Spears, he was an "employer" under the FLSA and thus individually liable, and because Appellants failed

No. [19-cv-00269-C]

Bay Inn & Suites v. William J. Spears, Jr.

to satisfy the legal requirements to get a credit for the lodging provided to Mr. Spears,

The District Court's Order and the Judgment entered thereon are due to be affirmed.

Date: August 22, 2023                    Respectfully submitted,

                                         OF COUNSEL

                                         By:  /s/ *Richard W. Fuquay*
                                              Richard W. Fuquay-FUQUAYR6214
                                              1206 Dauphin Street
                                              Mobile, AL 36604
                                              (251) 473-4443 (office)
                                              Email: rwf@fuquaylawfirm.com

                                         DAVIS, DAVIS & ASSOCIATES, PC
                                         Ian D. Rosenthal – ROSEI6905
                                         Attorney for Appellee
                                         P.O. Box 2925
                                         Daphne, AL 36526
                                         (251) 621-1515 (office)
                                         (251) 621-1520 (fax)
                                         Email: ian@ddalawfirm.com

                                         **ATTORNEYS FOR APPELLEE**

No. [19-cv-00269-C]
Bay Inn & Suites v. William J. Spears, Jr.

## **Certificate of Compliance**

This document complies with the word limit of 15,300 because, excluding the parts of the document exempted by FRAP 32(f), this document contains <u>3,724</u> words.

/s/ <em>Richard W. Fuquay</em>

## **Certificate of Service**

I hereby certify that I have on this the 22nd day of August 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will serve all parties listed hereinbelow via E-Mail:

> Scott W. Hunter
> SCOTT W. HUNTER, LLC
> Post Office Box 1777
> Point Clear, AL 36564
> swhunterlaw@gmail.com
> Attorney for Appellants

And upon currently unrepresented business entities by email to:

Mr. Rick Patel a/k/a Rasik Patel at  RP1949@aol.com

/s/ <em>Richard W. Fuquay</em>