No. 22-13376
_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT
_____

Bay Inn & Suites of Loxley, LLC, et al,
Appellants,

v.

William J. Spears, Jr.,
Appellee.
_____

On Appeal from the United States District Court
for the Southern District of Alabama
case no. 19-cv-00269-C
_____

**APPELLANTS' REPLY BRIEF**
_____

Scott W. Hunter
Attorney for Appellants

OF COUNSEL:

SCOTT W. HUNTER, LLC
Post Office Box 1777
Point Clear, Alabama 36564
(251) 928-0966
(251) 928-0799 (facsimile)
swhunterlaw@gmail.com

# CERTIFICATE OF INTERESTED PERSONS
# AND CORPORATE DISCLOSURE STATEMENT (CIP)

In Compliance with FRAP 26.1 and 11th Cir. R. 28-1(b), the following is a list, in alphabetical order, of all trial judges, attorneys, persons, associations of persons, firms, partnerships, or corporations that have an interest in the outcome of this case or appeal, including subsidiaries, conglomorates, affiliates, parent corporations, and publicly held corporation that owns 10% or more of the party's stock, and other identifiable legal entities related to a party:

Bay Inn & Suites of Foley, LLC
Bay Inn & Suites of Loxley, LLC
Hon. William E. Cassady (U.S. Magistrate Judge)
Richard W. Fuquay, Esq. (appellee counsel)
Scott W. Hunter, Esq. (appellant counsel)
Michael L. Jackson, Esq. (appellant trial counsel)
Anne Laurie McClurkin, Esq. (appellant trial counsel)
Lata Patel (member of appellant LLCs)
Rick Patel (appellant)
Rick Patel, Jr., aka Sunny Patel (appellant)
Kelly D. Reese, Esq. (trial counsel for appellants)
Ian D. Rosenthal, Esq. (counsel for appellee)

# **TABLE OF CONTENTS**

Table of Citations..................................................................................iii

Argument.............................................................................................1

    I.     The Record does not support the District Court's finding that Sunny Patel is subject to individual liability under the FLSA........................................................................1

    II.    Spears' wage calculations should include his lodging..............2

Certificate of Compliance.....................................................................3

Certificate of Service............................................................................4

# TABLE OF CITATIONS

**CASES**

*Baystate Alt. Staffing, Inc., v. Herman*
    163 F.3d 668 (1st Cir. 1998)..............................................................1

*Donovan v. New Floridian Hotel, Inc.*
    676 F.2d 468 (11th Cir. 1982).........................................................2

*Lamonica v. Safe Hurricane Shutters, Inc.*
    711 F.3d 1299 (11th Cir. 2013).........................................................1

## ARGUMENT

I. **The Record does not support the District Court's finding that Sunny Patel is subject to individual liability under the FLSA.**

Appellee concedes at p.9 of his Brief that Sunny Patel was nothing more than his immediate supervisor. *See Baystate Alt. Staffing, Inc., v. Herman*, 163 F.3d 668 (1st Cir. 1998). At best, Spears proved that Sunny oversaw his daily tasks, which is not enough for proving individual liability. *See Lamonica v. Safe Hurricane Shutters, Inc.*, 711 F.3d 1299,1313 (11th Cir. 2013) (quoting *Baystate*). What Spears describes in his brief concerning Sunny Patel is little more than an immediate supervisor, rather than an individual who makes personnel and payroll decisions, as contemplated by the statute imposing personal liability under the FLSA. *Lamonica* at 1314. As set out in both the initial brief and Spears' brief, when it came to more than basic decisions for the business, Sunny deferred to his father for decision making. That low-level supervision was not contemplated by Congress as being what was required for individual liability undrer FLSA. *See Baystate* at 677.

## II. <u>Spears' wage calculations should include his lodging</u>.

Spears' Brief spends its time arguing that Appellants did not meet its burden of proof as to being awarded credit for the room and board provided to Spears. <u>See</u> Appellee Brief at pp. 14-19. However, as stated in the Initial Brief, the parties stipulated to the amount of the value of lodging Spears received during his time working for the hotel. There was no need for Appellants to prove up the value of lodging Spears received because he already conceded that point. What Spears asks this Court to do is apply undisputed facts in favor of one party but not the other. That is inconsistent with the Law. <u>See</u> *Donovan v. New Floridian Hotel, Inc.*, 676 F.2d 468 (11th Cir. 1982).

        Respectfully submitted,

        */s/ Scott W. Hunter*
        SCOTT W. HUNTER
        Attorney for Appellants

OF COUNSEL:

SCOTT W. HUNTER, LLC
Post Office Box 1777
Point Clear, Alabama 36564
(251) 928-0966
(251) 928-0799 (facsimile)
swhunterlaw@gmail.com

## **CERTIFICATE OF COMPLIANCE**

This Motion complies with the word limit of FRAP 32(a)(7) because, excluding the parts of the document exempted by FRAP 32(f) and 11th Cir. R. 32-4, this document contains 310 words. This document complies with the typeface requirements of FRAP 32(a)(5) and the type-style requirements of FRAP 32(a)(6), as it uses Century Schoolbook 14pt font in Corel WordPerfect 2021.

        */s/ Scott W. Hunter*

-3-

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2023, a copy of the foregoing was been served upon

>Richard W. Fuquay, Esq.
>rwf@fuquaylawfirm.com
>
>Ian D. Rosenthal, Esq.
>ian@ddalawfirm.com

by electronic filing.

>*/s/ Scott W. Hunter*